NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NSK CORPORATION, NSK LTD., AND NSK EUROPE LTD.,**
*Plaintiffs-Appellees,*

AND

**FAG ITALIA, S.P.A., SCHAEFFLER GROUP USA, INC., SCHAEFFLER KG, THE BARDEN CORPORATION, AND THE BARDEN CORPORATION (U.K.) LTD.,**
*Plaintiffs-Cross Appellants,*

AND

**JTEKT CORPORATION AND KOYO CORPORATION OF U.S.A.,**
*Plaintiffs-Appellees,*

AND

**SKF AEROENGINE BEARINGS UK AND SKF USA INC.,**
*Plaintiffs-Cross Appellants,*

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**
*Defendant-Appellant,*

AND

**THE TIMKEN COMPANY,**
*Defendant-Appellant.*

2011-1362, -1382, -1383, -1454

Appeals from the United States Court of International Trade in consolidated case nos. 06-CV-0334, 06-CV-0335, and 06-CV-0336, Judge Judith M. Barzilay.

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PROST, *Circuit Judge*.

## ORDER

FAG Italia, S.p.A., Schaeffler Group USA, Inc., Schaeffler KG, the Barden Corporation, and the Barden Corporation (U.K.) Ltd. (collectively, "Schaeffler") move for an injunction or temporary restraining order, pending appeal, to prevent the liquidation of entries of ball bearings from Germany that were produced or exported by Schaeffler KG or Schaeffler Technologies GmbH & Co. KG (formerly Schaeffler KG) and entered for consumption on or between May 1, 2010 and April 30, 2011. The Timken Company and the International Trade Commission oppose. Schaeffler replies.

In 2006, the International Trade Commission issued a final determination regarding a second five-year review to determine whether to revoke antidumping duty orders upon certain ball bearings from China, France, Germany, Italy, Japan, Singapore, and the United Kingdom. NSK Corporation, NSK Ltd., and NSK Europe Ltd. (NSK) appealed the Commission's determinations regarding Japan and the United Kingdom, seeking review by the Court of International Trade. The Commission had determined that revocation of the orders on ball bearings from, inter alia, Italy, Japan, Germany, and the United Kingdom would likely result in continuation or recurrence of material injury to the domestic ball bearings industry.

JTEKT Corporation and Koyo Corporation of U.S.A. also appealed, seeking review by the Court of International Trade of the Commission's determinations regarding Japan. Those two matters were consolidated by the Court of International Trade.

Following the expiration of the time to file any additional appeals of the Commission's final determination, Schaeffler moved for leave to intervene in the consolidated case. The Court of International Trade granted the motion for leave to intervene. The Court of International Trade also granted various motions for injunctive relief to suspend the liquidation of duties on entries of ball bearings for imports from Japan and the United Kingdom. Thereafter, intervenor Schaeffler moved to enjoin the liquidation of duties on its own imports from Germany, Italy, and the United Kingdom during the period from May 1, 2006 to April 30, 2007.

On February 18, 2008, the Court of International Trade granted Schaeffler's motion to enjoin liquidation of imports from the United Kingdom but denied the motion to enjoin liquidation of imports from Germany and Italy. In sum, the Court of International Trade noted that the plaintiffs' complaints and summonses only covered entries from Japan and the United Kingdom. The Court of International Trade determined that "the only determinations currently before the court are those from Japan and the United Kingdom. As a result, the court lacks authority to suspend liquidation of entries from Italy and Germany."

Schaeffler now seeks from this court an injunction to suspend liquidation of entries from Germany for a different time period, i.e., between May 1, 2010 and April 30, 2011, without first having asked the Court of International Trade for relief covering that time period. *But see* Fed. R. App. P. 8(a)(1) (a party must ordinarily move in the trial court for an injunction while an appeal is pending). In any event, in the papers submitted, Schaeffler

has not shown entitlement to the relief sought. Rule 8(a)(1)(C)(2) of the Federal Rules of Appellate Procedure authorizes this court to grant an injunction pending appeal at our discretion. Similar to a motion to stay a judgment or injunction pending appeal, which is authorized under the same rule, our determination is governed by four factors, the first two of which are the most critical: (1) whether the applicant had made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the requested relief; (3) whether issuance of the relief would substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Concerning its likelihood of success on the merits of its appeal, Schaeffler simply refers the court to the "reasons outlined in Schaeffler Group's direct brief filed on January 11, 2012." Schaeffler may not evade the page limitations on a motion by referring the court to the entirety of its opening brief or even to a section thereof. Based upon the motions papers submitted, and without prejudicing the ultimate disposition of this appeal by a merits panel, we determine that Schaeffler has not met its burden to obtain an injunction.

Accordingly,

IT IS ORDERED THAT:

The motion for an injunction or temporary restraining order is denied.

FOR THE COURT

AUG 3 1 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Eric P. Salonen, Esq.
David A.J. Goldfine, Esq.
Herbert C. Shelley, Esq.

Max F. Schutzman, Esq.
Neil R. Ellis, Esq.
Robert A. Lipstein, Esq.

s25